CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
MICHAEL SCHACHTER (Bar No. 298610)
(E Mail: michael_schachter@fd.org)
411 West Fourth Street, Suite 7110
Santa Ana, California 92701-4598
Telephone: (714) 338-4500
Facsimile: (714) 338-4520

Attorneys for Defendant
XAVIER BATTEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>XAVIER BATTEN,<br><br>　　　　Defendant. | Case No. 8:23-CR-00100-CJC-3<br><br>**MOTION FOR RECONSIDERATION OF DETENTION ORDER; MEMORANDUM OF POINTS AND AUTHORITIES** |

**TO THIS HONORABLE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on the earliest date to be set by the Court, Defendant Xavier Batten will and hereby does move under 18 U.S.C. § 3142(f) for reconsideration of the Court's August 29, 2023 order detaining him pending trial.

This motion is based on the attached memorandum of points and authorities, the files and records in this case, and any evidence or argument that may be presented at the hearing on the motion. Except where stated otherwise, undersigned counsel respectfully proffers the facts set forth in this motion and the Pretrial Report.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: November 22, 2023     By  /s/ *Michael Schachter*
MICHAEL SCHACHTER
Deputy Federal Public Defender
Attorney for Xavier Batten

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As the Supreme Court held in *United States v. Salerno*, 481 U.S. 739 (1987), "[i]n our society, liberty is the norm, and detention prior to trial . . . is the carefully limited exception." *Id.* at 755. Accordingly, "federal law has traditionally provided that a person arrested for a non-capital offense shall be admitted to bail." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). "Only in rare circumstances should release be denied," and "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." *Id*

Specifically, under the Bail Reform Act, a heavy burden is placed on the government to show that detention is warranted. The government must prove by clear and convincing evidence that an individual is a risk of danger to the community, by a preponderance of the evidence that the individual is a risk of flight, and that no conditions or combination of conditions will ensure the individual's appearance and the safety of the community. *See id.* at 1406-07. Also, among the factors the Court may consider as to whether the government has met its burden, the Ninth Circuit has long held that the "weight of the [alleged] evidence" is the least important factor. See *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (explaining that the Bail Reform Act neither "requires nor permits a pretrial determination of guilt").

Applying these principles to this case, Pretrial Services in the Middle District of Florida (where Mr. Batten has spent his whole life and where he was arrested) recommended pretrial release on fairly straightforward conditions.[1] But the Court in that district disagreed, detaining Mr. Batten, a decision which this Court affirmed when Mr. Batten submitted on detention at his initial appearance in this District.

---

[1] In accordance with 18 U.S.C. § 3153(c), the defense has not attached the Pretrial Report to this motion, but the defense understands it will be made available to the Court and parties before any hearing held on this motion.

3

Respectfully, and for the reasons stated in this motion, the defense believes Pretrial Services got it right the first time both with its recommendation of bail and also with its proposed conditions of release. But with the goal of proposing bail conditions that the defense hopes would work for both the Court and all the parties, the defense and Mr. Batten now propose additional, strict conditions that the defense submits are more than adequate to reasonably assure Mr. Batten's appearance and safeguard public safety. See 18 U.S.C. § 3142(c)(B) (pretrial release shall be "subject to the least restrictive further condition, or combination of conditions, that [the Court] determines will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . .").

Specifically, in addition to those conditions previously proposed by Pretrial Services, the defense proposes (1) home detention with narrow carve-outs for employment, legal appointments, and medical appointments, with any other exceptions requiring approval by Pretrial Services, and (2) location monitoring. Consistent with the original Pretrial Report, the defense also proposes that Mr. Batten's mother Crystal Burrell sign an unsecured affidavit of surety in the amount of $20,000.[2] The defense is also open to discussing and would likely agree to any other proposed conditions suggested by the Court, government or Pretrial Services.[3]

Based on Mr. Batten's time in custody to date, the defense also believes pretrial release is necessary to safeguard Mr. Batten's health. When Mr. Batten was arrested in Florida, the Court issued an order noting, *inter alia*, that Mr. Batten suffers from

---

[2] As stated in the original Pretrial Report (and as confirmed by undersigned counsel), Ms. Burrell is even willing to use her residence as collateral to secure Mr. Batten's release (the residence has a market value of about $158,103). While this remains an option, the defense respectfully submits that a $20,000 unsecured bond, in combination with the strict conditions proposed here, provides more than adequate insurance against Mr. Batten's violating any bond conditions.

[3] Again, while the defense doesn't think conditions going beyond those originally proposed by Pretrial Services are necessary, the defense's priority is getting Mr. Batten out on bail on conditions that will work for everyone.

schizophrenia and takes Wellbutrin and Seroquel for that condition. *See* Dkt. No. 34 at 4. The Court also ordered that he receive all currently prescribed medications while in custody unless discontinued by a physician. *Id.* Despite this, these prescriptions have already been discontinued on two occasions while Mr. Batten has been at MDC, resulting in him experiencing symptoms consistent with schizophrenia. On one of these occasions, undersigned counsel contacted MDC's legal counsel and Mr. Batten was then given the prescriptions again. But, even since then, medical staff has indicated that they might take him off of it due to concerns about the broader prison community abusing these medications. While efforts to prevent drug abuse among the general population are important, it is essential for Mr. Batten's health that he receive medical care tailored to his conditions. Placing Mr. Batten on pretrial release will ensure that he receives the care necessary to protect his health.

Accordingly, for these reasons and discussed below, the defense respectfully requests that the Court grant Mr. Batten pretrial release on the proposed conditions of release stated in Part IV.D of this motion. Doing so would vindicate Mr. Batten's rights under the Bail Reform Act and safeguard his health.

## II.  PROCEDURAL BACKGROUND

Mr. Batten is charged with conspiracy to maliciously damage and destroy, by means of fire and explosive, property used in interstate or foreign commerce, in violation of 18 U.S.C. § 844(n), and aiding and abetting, by means of fire and an explosive, the willful damage of property used in interstate and foreign commerce, in violation of 18 U.S.C. §§ 844(i), 2(a). Dkt. No. 26 at 1-5.

As stated, Mr. Batten was arrested in the Middle District of Florida and made his initial appearance there on July 21, 2023. *See generally* Dkt. No. 34. Although Pretrial Services recommended pretrial release on straightforward conditions, the Court in that district ordered detention pending trial. *See id.* at 6-8.

Mr. Batten was transferred to this District and made his initial appearance on August 29, 2023. Dkt. No. 47. At his detention hearing, the government sought

detention and Mr. Batten did not oppose the detention request. *Id.* at 1-2. The Court found that no condition or combination of conditions would reasonably assure the appearance of the defendant as required or the safety of any person or the community. *Id.* at 1. The Court based its findings on the following:

- The nature and circumstances of the offense charge;
- The lack of bail resources (this was finding was presumably based on Mr. Batten's having not opposed detention and thus not proffering his mother as a surety to this Court);
- The absence of stable community ties;
- The unrebutted presumption of detention; and
- The result of Mr. Batten's initial appearance in Florida, and the listed Baker proceedings in that district.

*Id.* at 2.

A jury trial is currently scheduled for March 19, 2024 before the Honorable Cormac J. Carney. Dkt. No. 54.

### III.  LEGAL STANDARD

18 U.S.C. § 3142(f) provides for the reopening of a detention hearing where a "judicial officer finds that information exists that was not known to the movant at the time of the hearing and has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required."

As stated, "[i]n our society, liberty is the norm, and detention prior to trial . . . is the carefully limited exception." *Salerno*, 481 U.S. at 755.[4]

---

[4]  *See also, e.g.*, *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) ("In applying the [§ 3142(g)] factors to any particular case, the court should bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." (quoting S. Rep. N. 98-225 at 7 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3189)); *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors nondetention.").

6

Again, under the Bail Reform Act, a heavy burden is placed on the government to show that detention is warranted. The government must prove by clear and convincing evidence that an individual is a risk of danger to the community, by a preponderance of the evidence that the individual is a risk of flight, and that no conditions or combination of conditions will ensure the individual's appearance and the safety of the community. *See Motamedi*, 767 F.2d at 1406-07.

When making a determination as to whether the government has met its burden, the court is to consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a federal crime of terrorism;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g)(1)-(4).

As noted, the Ninth Circuit has long held that the "weight of the evidence" is the least weighty factor. *See United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (explaining that the Bail Reform Act neither "requires nor permits a pretrial determination of guilt").

## IV.  ARGUMENT

**A.   Mr. Batten Does Not Pose a Flight Risk.**

In this case, the government cannot show by a preponderance of the evidence that no condition or combination of conditions can "reasonably assure" Mr. Batten's

7

appearance for the following reasons:

1. <u>Mr. Batten's has deep roots in Brooksville, Florida and will not leave</u>: Mr. Batten has spent his entire life in Brooksville, Florida. He was born in a hospital there. Virtually his entire family lives there, including his mother, step-father, father, grandmother (who is like a second mom), and four of his five siblings. He is very close with his family. His past employment has also been in Brooksville, including a caretaker position where he was employed through a company called Health Matters to care for his grandmother who has health problems. His church is also in Brooksville (Mr. Batten converted to Catholicism on his own at age 16).

2. <u>Mr. Batten's autism spectrum disorder and other mental health conditions further root him to his family in Brooksville</u>: Mr. Batten's autism spectrum disorder and other mental health conditions — he has also been diagnosed with schizophrenia, ADHD, anxiety, and depression — also play a key role in rooting him to Brooksville. His family, and his mother in particular, are his protectors and champions: any time he has had health issues his family has helped him to get through it. With the support of his family, he has been able to receive an education and maintain employment. He is also dependent on his mother and step-father for housing and has lived with them his whole life. Brooksville is also where his medical providers are. In short, not only would it make no sense for Mr. Batten to leave Brooksville given that his whole life is there, but doing so would also jeopardize his health.

3. <u>Mr. Batten has sufficient bail resources</u>: As noted, the defense proposes that Mr. Batten's mother Crystal Burrell sign an unsecured affidavit of surety in the amount of $20,000.[5]

4. <u>U.S. citizenship and absence of foreign travel</u>: Mr. Batten is a United States citizen. He has never left the country and has only visited other states on a few occasions.

**B.  Mr. Batten's Release on Conditions Would Not Threaten the Safety of the Community.**

In this case, the government cannot show by clear and convincing evidence that Mr. Batten is a risk of danger to the community, particularly in light of the strict conditions proposed by the defense in this motion, for the following reasons:

1. <u>Mr. Batten has no criminal history and has cooperated with the investigation</u>: Mr. Batten has no criminal history. Further, both he and virtually everyone in his family voluntarily spoke with law enforcement on multiple occasions. Also, Mr. Batten has voluntarily allowed his digital devices to be searched by law enforcement.

2. <u>No firearms or materials relating to explosives were found</u>: In contrast to his two codefendants, no firearms or materials relating to explosives were found at Mr. Batten's residence or at the residence of his grandmother (Mr. Batten's place of employment at the time of his arrest). This is very notable given that this case is about Mr. Batten's alleged role in aiding the use of an explosive against property used in interstate or foreign commerce.

---

[5] Again, as stated in the original Pretrial Report, Ms. Burrell is even willing to use her residence as collateral to secure Mr. Batten's release (the residence has a market value of about $158,103). While this remains an option, the defense respectfully submits that a $20,000 unsecured bond, in combination with the strict conditions proposed here, provides more than adequate insurance against Mr. Batten's violating any bond conditions.

9

3. <u>The defense has proposed extremely strict conditions</u>: The defense's proposal that Mr. Batten participate in home detention and location monitoring conditions, which sharply mitigates against any alleged risks accompanying pretrial release. *See also cf.* United States v. Chen, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) ("Section 3142 does not seek ironclad guarantees . . . ."); 18 U.S.C. § 3142(c)(B) (pretrial release shall be "subject to the least restrictive further condition, or combination of conditions, that [the Court] determines will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . .").

4. <u>Mr. Batten has sufficient bail resources</u>: Again, the defense proposes that Mr. Batten's mother Crystal Burrell sign an unsecured affidavit of surety in the amount of $20,000, which provides substantial insurance against the possibility of Mr. Batten's violating any bond conditions.

5. <u>The charges and alleged evidence, standing alone, are not a basis to detain Mr. Batten</u>: The defense understands that the government believes Mr. Batten is a danger mainly based on his text messages with a codefendant, Mr. Chance Brannon. But setting aside any disagreements the parties may have about the alleged evidence, for present purposes, (a) Mr. Batten is presumed innocent, (b) in the Ninth Circuit, as stated, the weight of the alleged evidence is the least important factor, and (c) the defense believes that any concerns the Court or parties may have would be more than adequately addressed through the very strict conditions proposed by the defense. *See Gebro*, 948 F.2d at 1121 (explaining that the Bail Reform Act neither "requires nor permits a pretrial determination of guilt").

**C.     Pretrial Release is Also Necessary to Safeguard Mr. Batten's Health.**

As discussed above, the defense also believes pretrial release is necessary to safeguard Mr. Batten's health, given his mental health conditions, the challenges he has experienced in receiving appropriate care, and the availability of care and support from his medical providers and family in Brooksville, Florida. *See supra* at 4-5.

**D.     Conditions of Release Can Reasonably Assure Mr. Batten's Appearance and the Safety of the Community.**

Given the 18 U.S.C. § 3142(g) factors and facts discussed above, the government cannot meet its heavy burden to compel Mr. Batten's detention. There are many conditions that can reasonably assure his appearance and the safety of the community, including the following proposed conditions:

- Home detention with narrow carve-outs for employment, legal appointments, and medical appointments, with any other exceptions requiring approval by Pretrial Services;
- Location monitoring;
- Post a bail bond with his mother as a surety;
- Submit to supervision by the Pretrial Services;
- Maintain or actively seek employment and provide proof to Pretrial Services, with any employment approved by Pretrial Services;
- Participate in mental health treatment, as directed by Pretrial Services;
- Submit to any substance abuse testing, as directed by Pretrial Services;
- Submit to substance abuse evaluation and/or treatment, as directed by Pretrial Services
- Refrain from use or possession of illegal drugs or state-authorized marijuana;
- Surrender all passport and travel documents to Pretrial Services (if in Mr. Batten's possession), sign a Declaration re Passport and Other Travel

Documents (Form CR-37), and do not apply for a passport or other travel document during the pendency of this case;

- Restrict travel to the Central District of California and the Middle District of Florida, unless prior permission is granted by Pretrial Services to travel to a specific other location;
- Reside as approved by Pretrial Services and do not relocate without prior permission from Pretrial Services; and
- Mr. Batten's mother Crystal Burrell to serve as third-party custodian;
- Refrain from possessing a firearm, ammunition, or destructive devices;
- No contact with victims or codefendants related to alleged instant offense.

As noted, the defense is also open to discussing and would likely agree to any other proposed conditions suggested by the Court, government or Pretrial Services.

## V.  CONCLUSION

For all of the reasons described above, the defense respectfully requests that the Court grant Mr. Batten's request for pretrial release and release him on bond.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: November 22, 2023          By  /s/ Michael Schachter
MICHAEL SCHACHTER
Deputy Federal Public Defender
Attorney for Xavier Batten

12