E. MARTIN ESTRADA
United States Attorney
CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division
KATHRYNNE N. SEIDEN (Cal. Bar No. 310902)
Assistant United States Attorney
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0631
    Facsimile: (213) 894-0141
    E-mail:    kathrynne.seiden@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>           v.<br><br>XAVIER BATTEN,<br><br>        Defendant. | No. CR 8:23-100-CJC-3<br><br>PLEA AGREEMENT FOR DEFENDANT<br>XAVIER BATTEN |

    1.   This constitutes the plea agreement between Xavier Batten ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

    2.   Defendant agrees:

        a.   At the earliest opportunity requested by the USAO and provided by the Court, to appear and plead guilty to a first superseding information in the form attached to this agreement as

Exhibit A or a substantially similar form, which charges defendant with (1) possession of a destructive device, in violation of 26 U.S.C. § 5861(d) and 18 U.S.C. § 2(a); and (2) intentional damage to a reproductive health services facility, in violation of 18 U.S.C. 248(a)(3) and 18 U.S.C. § 2(a).

b.   Not to contest facts agreed to in this agreement.

c.   To abide by all agreements regarding sentencing contained in this agreement.

d.   To appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not to commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   To be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   To pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   That any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

i.   To complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of

2

a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

j.   To authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

k.   To consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

l.   To give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a two-count information in the form attached to this agreement as Exhibit A or a substantially similar form.

m.   To recommend that defendant be sentenced to a term of imprisonment of no less than 30 months and not to seek, argue, or suggest in any way, either orally or in writing, that the Court impost a term of imprisonment below 30 months; and

n.   To the imposition of the following condition of probation or supervised release:

i.   The defendant shall submit defendant's person and any property under defendant's control, including any residence, vehicle, papers, computer and other electronic communication or data storage devices and media, and effects, to suspicion-less search and

3

1  seizure at any time of the day or night by any law enforcement or

2  probation officer, with or without a warrant, and with or without

3  cause; and if stopped or questioned by a law enforcement officer for

4  any reason, defendant shall notify that officer that defendant is on

5  federal supervised release and subject to search.

6  <u>THE USAO'S OBLIGATIONS</u>

7  3.   The USAO agrees:

8  a.   Not to contest facts agreed to in this agreement.

9  b.   To abide by all agreements regarding sentencing

10  contained in this agreement.

11  c.   At the time of sentencing, to move to dismiss the

12  underlying indictment as against defendant.  Defendant agrees,

13  however, that at the time of sentencing the Court may consider any

14  dismissed charges in determining the applicable Sentencing Guidelines

15  range, the propriety and extent of any departure from that range, and

16  the sentence to be imposed.

17  d.   At the time of sentencing, provided that defendant

18  demonstrates an acceptance of responsibility for the offenses up to

19  and including the time of sentencing, recommend a two-level reduction

20  in the applicable Sentencing Guidelines offense level, pursuant to

21  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

22  additional one-level reduction if available under that section.

23  e.   Not seek a sentence of imprisonment above the high end

24  of the applicable Sentencing Guidelines range, provided that the

25  offense level used by the Court to determine that range is 21 or

26  higher.  For purposes of this agreement, the high end of the

27  Sentencing Guidelines range is that defined by the Sentencing Table

28  in U.S.S.G. Chapter 5, Part A.

1

<u>NATURE OF THE OFFENSES</u>

2      4.   Defendant understands that for defendant to be guilty of
3 the crime charged in count one of the superseding information, that
4 is, possession of a destructive device, in violation of Title 26,
5 United States Code, Section 5861(d), the following must be true:

6           a.   Defendant knowingly possessed an unregistered
7 destructive device;

8           b.   Defendant was aware that the destructive device was an
9 explosive or incendiary device, which is designed for use as a
10 weapon; and

11          c.   Defendant had not registered the destructive device
12 with the National Firearm Registration and Transfer Record.

13     5.   Defendant understands that for defendant to be guilty of
14 the crime charged in count two of the superseding information, that
15 is, intentional damage to a reproductive health services facility, in
16 violation of Title 18, United States Code, Section 248(a)(3), the
17 following must be true:

18          a.   Defendant intentionally damaged or destroyed the
19 property of a facility;

20          b.   The facility provided reproductive health services;
21 and

22          c.   Defendant acted because the facility provided
23 reproductive health services.

24     6.   Defendant understands that for defendant to be liable of
25 either possession of a destructive device or intentional damage to a
26 reproductive health services facility on an aiding and abetting
27 theory, under Title 18, United States Code, Section 2(a), the
28 following must be true:

        a.    Someone else committed the substantive crime;

        b.    Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of the crime charged;

        c.    Defendant acted with the intent to facilitate the crime; and

        d.    Defendant acted before the crime was completed.

<u>PENALTIES AND RESTITUTION</u>

7.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 26, United States Code, Section 5861(d), is: 10 years' imprisonment; a three-year period of supervised release; a fine of $10,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 248(a)(3), is: 12 months' imprisonment; a one-year period of supervised release; a fine of $100,000, or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $25.

9.    Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 11 years' imprisonment; a three-year period of supervised release; a fine of $110,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $125.

10.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject

6

to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11.  Defendant understands that defendant will be required to pay full restitution to the victim of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  The parties currently believe that the applicable amount of restitution is approximately $1,000 but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

12.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant

1 understands that he is pleading guilty to a felony and that it is a

2 federal crime for a convicted felon to possess a firearm or

3 ammunition.  Defendant understands that the convictions in this case

4 may also subject defendant to various other collateral consequences,

5 including but not limited to revocation of probation, parole, or

6 supervised release in another case and suspension or revocation of a

7 professional license.  Defendant understands that unanticipated

8 collateral consequences will not serve as grounds to withdraw

9 defendant's guilty pleas.

10      13.  Defendant and his counsel have discussed the fact that, and

11 defendant understands that, if defendant is not a United States

12 citizen, the convictions in this case makes it practically inevitable

13 and a virtual certainty that defendant will be removed or deported

14 from the United States.  Defendant may also be denied United States

15 citizenship and admission to the United States in the future.

16 Defendant understands that while there may be arguments that

17 defendant can raise in immigration proceedings to avoid or delay

18 removal, removal is presumptively mandatory and a virtual certainty

19 in this case.  Defendant further understands that removal and

20 immigration consequences are the subject of a separate proceeding and

21 that no one, including his attorney or the Court, can predict to an

22 absolute certainty the effect of his conviction on his immigration

23 status.  Defendant nevertheless affirms that he wants to plead guilty

24 regardless of any immigration consequences that his plea may entail,

25 even if the consequence is automatic removal from the United States.

26                          <u>FACTUAL BASIS</u>

27      14.  Defendant admits that defendant is, in fact, guilty of the

28 offense to which defendant is agreeing to plead guilty.  Defendant

and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 16 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning around February 2022 and continuing through at least March 13, 2022, within the Central District of California and elsewhere, defendant conspired with and aided and abetted his codefendant, Chance Brannon ("Brannon"), to use a Molotov cocktail to damage a clinic open to the public which provides reproductive health services, including services related to pregnancies and the termination of pregnancies, such as abortions. Defendant became a member of the conspiracy knowing its objective and intending to help accomplish, aid, and abet that objective.

On or about March 12, 2022, in codefendant Tibet Ergul's ("Ergul's") garage in Orange County, California, Brannon and Ergul put together a Molotov cocktail, which they knew was an explosive or incendiary device and which they did not register with the National Firearm Registration and Transfer Record. Defendant, who was in Florida at the time, knew Brannon was in the Central District of California. Defendant aided Brannon in his possession of a destructive device by advising Brannon as to how to build the Molotov cocktail. Defendant knew that the Molotov cocktail was an explosive or incendiary device, knew that Brannon was not registering it with the National Firearm Registration and Transfer Record, and advised

Brannon with the intent to facilitate his possession of an unregistered destructive device.  Defendant helped Brannon make the Molotov cocktail with knowledge that Brannon intended to use it to firebomb a reproductive health services clinic in California, and thus acted with the knowledge, intent, or reason to believe it would be used or possessed in connection with another felony offense, namely, malicious destruction of property using fire or explosives.

In the early morning of March 13, 2022, Brannon and Ergul drove to the vicinity of a Planned Parenthood in Orange County, California. Brannon and Ergul approached the Planned Parenthood, ignited the Molotov cocktail, and threw it at the clinic entrance, intentionally starting a fire, before fleeing.  Brannon and Ergul intentionally and successfully damaged the clinic, which was forced to close temporarily and to reschedule approximately 30 patients' appointments.  Brannon and Ergul intentionally damaged the clinic, and defendant aided them in doing so, because it provided reproductive health services.  Within minutes of throwing the Molotov cocktail, Brannon texted defendant to tell him their plan had been successful.  Defendant aided Brannon intending to facilitate his damage of the clinic.

<u>SENTENCING FACTORS</u>

15.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated

Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

16.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 18 | U.S.S.G. § 2K2.1(a)(5) |
| Destructive Device: | +2 | U.S.S.G. § 2K2.1(b)(3)(B) |
| Use in Connection With Another Felony Offense: | +4 | U.S.S.G. § 2K2.1(b)(6)(B) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

17.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

18.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

19.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be

1  represented by counsel -- and if necessary have the Court appoint

2  counsel -- at every other stage of the proceeding.

3      d.   The right to be presumed innocent and to have the

4  burden of proof placed on the government to prove defendant guilty

5  beyond a reasonable doubt.

6      e.   The right to confront and cross-examine witnesses

7  against defendant.

8      f.   The right to testify and to present evidence in

9  opposition to the charges, including the right to compel the

10 attendance of witnesses to testify.

11     g.   The right not to be compelled to testify, and, if

12 defendant chose not to testify or present evidence, to have that

13 choice not be used against defendant.

14     h.   Any and all rights to pursue any affirmative defenses,

15 Fourth Amendment or Fifth Amendment claims, and other pretrial

16 motions that have been filed or could be filed.

17                    <u>WAIVER OF APPEAL OF CONVICTION</u>

18     20.  Defendant understands that, with the exception of an appeal

19 based on a claim that defendant's guilty plea were involuntary, by

20 pleading guilty defendant is waiving and giving up any right to

21 appeal defendant's convictions on the offenses to which defendant is

22 pleading guilty.  Defendant understands that this waiver includes,

23 but is not limited to, arguments that the statutes to which defendant

24 is pleading guilty are unconstitutional, and any and all claims that

25 the statement of facts provided herein is insufficient to support

26 defendant's pleas of guilty.

27

28

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

21.  Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 21 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence, with the exception of the Court's calculation of defendant's criminal history category; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $1,000; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7) ; and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

22.  Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines,

sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

23.  The USAO agrees that, provided that all portions of the sentence are at or below the statutory maximum specified above and the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 21 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $1,000.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

24.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent

that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

25.   Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact.   Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

EFFECTIVE DATE OF AGREEMENT

26.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

27.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.   All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.

If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

28.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

1       COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

2                        OFFICE NOT PARTIES

3       29.  Defendant understands that the Court and the United States

4    Probation and Pretrial Services Office are not parties to this

5    agreement and need not accept any of the USAO's sentencing

6    recommendations or the parties' agreements to facts or sentencing

7    factors.

8       30.  Defendant understands that both defendant and the USAO are

9    free to: (a) supplement the facts by supplying relevant information

10   to the United States Probation and Pretrial Services Office and the

11   Court, (b) correct any and all factual misstatements relating to the

12   Court's Sentencing Guidelines calculations and determination of

13   sentence, and (c) argue on appeal and collateral review that the

14   Court's Sentencing Guidelines calculations and the sentence it

15   chooses to impose are not error, although each party agrees to

16   maintain its view that the calculations in paragraph 16 are

17   consistent with the facts of this case.  While this paragraph permits

18   both the USAO and defendant to submit full and complete factual

19   information to the United States Probation and Pretrial Services

20   Office and the Court, even if that factual information may be viewed

21   as inconsistent with the facts agreed to in this agreement, this

22   paragraph does not affect defendant's and the USAO's obligations not

23   to contest the facts agreed to in this agreement.

24      31.  Defendant understands that even if the Court ignores any

25   sentencing recommendation, finds facts or reaches conclusions

26   different from those agreed to, and/or imposes any sentence up to the

27   maximum established by statute, defendant cannot, for that reason,

28   withdraw defendant's guilty plea, and defendant will remain bound to

                                  17

1  fulfill all defendant's obligations under this agreement.  Defendant

2  understands that no one -- not the prosecutor, defendant's attorney,

3  or the Court -- can make a binding prediction or promise regarding

4  the sentence defendant will receive, except that it will be within

5  the statutory maximum.

6                         NO ADDITIONAL AGREEMENTS

7     32.  Defendant understands that, except as set forth herein,

8  there are no promises, understandings, or agreements between the USAO

9  and defendant or defendant's attorney, and that no additional

10 promise, understanding, or agreement may be entered into unless in a

11 writing signed by all parties or on the record in court.

12           PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

13    33.  The parties agree that this agreement will be considered

14 part of the record of defendant's guilty plea hearing as if the

15 entire agreement had been read into the record of the proceeding.

16 AGREED AND ACCEPTED

17 UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
18 CALIFORNIA

19 E. MARTIN ESTRADA
   United States Attorney

21 _____          1/16/2024
   KATHRYNNE N. SEIDEN                         Date
22 Assistant United States Attorney

23 _____          1-16-24
   XAVIER BATTEN                               Date
24 Defendant

25 _____          1/16/24
   MICHAEL SCHACHTER                           Date
26 Attorney for Defendant Xavier
   Batten

27

28

                                   18

1

<u>CERTIFICATION OF DEFENDANT</u>

2      I have read this agreement in its entirety.  I have had enough

3 time to review and consider this agreement, and I have carefully and

4 thoroughly discussed every part of it with my attorney.  I understand

5 the terms of this agreement, and I voluntarily agree to those terms.

6 I have discussed the evidence with my attorney, and my attorney has

7 advised me of my rights, of possible pretrial motions that might be

8 filed, of possible defenses that might be asserted either prior to or

9 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10 of relevant Sentencing Guidelines provisions, and of the consequences

11 of entering into this agreement.  No promises, inducements, or

12 representations of any kind have been made to me other than those

13 contained in this agreement.  No one has threatened or forced me in

14 any way to enter into this agreement.  I am satisfied with the

15 representation of my attorney in this matter, and I am pleading

16 guilty because I am guilty of the charges and wish to take advantage

17 of the promises set forth in this agreement, and not for any other

18 reason.

19

20 _____        _____

XAVIER BATTEN                               Date
Defendant

21

22

23

24

25

26

27

28

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Xavier Batten's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____        1/16/24
MICHAEL SCHACHTER                       Date
Attorney for Defendant Xavier
Batten

## Exhibit A

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>              v.<br><br>XAVIER BATTEN,<br><br>              Defendant. | CR No. 8:23-100-CJC-3<br><br>F I R S T<br>S U P E R S E D I N G<br>I N F O R M A T I O N<br><br>[26 U.S.C. § 5861(d), 18 U.S.C.<br>§ 2(a): Possession of an<br>Unregistered Destructive Device;<br>18 U.S.C. §§ 248(a)(3), 2(a):<br>Intentional Damage to a<br>Reproductive Health Services<br>Facility] |

     The United States Attorney charges:

                         COUNT ONE

           [26 U.S.C. § 5861(d); 18 U.S.C. § 2(a)]

     Beginning on or about March 12, 2022, and continuing until on or about March 13, 2022, in Orange County, within the Central District of California, and elsewhere, defendant XAVIER BATTEN aided and abetted others in knowingly possessing a firearm, as defined in Title 26, United States Code, Sections 5845(a)(8) and 5845(f), namely, a destructive device, which defendant knew to be a destructive device,

1  and which had not been registered in the National Firearms and

2  Registration Transfer Record, as required by Title 26, United States

3  Code, Chapter 53.

COUNT TWO

[18 U.S.C. § 248(a)(3); 18 U.S.C. § 2(a)]

On or about March 13, 2022, in Orange County, within the Central District of California, and elsewhere, defendant XAVIER BATTEN, aiding and abetting others, intentionally damaged and destroyed the property of a facility, namely, a Planned Parenthood, which provided reproductive health services.  Defendant acted because Planned Parenthood was and had been providing reproductive health services.


E. MARTIN ESTRADA
United States Attorney


CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division

DAVID T. RYAN
Assistant United States Attorney
Chief, Terrorism and Export Crimes
Section

KATHRYNNE N. SEIDEN
Assistant United States Attorney
Terrorism and Export Crimes
Section

3